UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARMANDO GONZALEZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, et al., <br><br> Defendants. | CAUSE NO. 3:25-CV-468-JD-AZ |

OPINION AND ORDER

Armando Gonzalez, Jr., a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) In accordance with 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Gonzalez is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Gonzalez is an inmate at Indiana State Prison (ISP). He claims that since December 2023, he has twice tested positive for H. plyori, a bacteria that causes stomach infections. This has resulted in stomach cramps, diarrhea, weight loss, and other

symptoms. He believes the infection was caused by the drinking water at ISP, which he claims is dirty and unsafe. He claims Warden Ron Neal, Deputy Warden Dawn Buss, and Restrictive Housing Unit Director Pam Baines were all aware of the problems with the water but did nothing to remedy them or to provide him with clean water.

Prisoners cannot be subjected to cruel and unusual punishment under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). An Eighth Amendment claim has both an objective and subjective component. *Id.* The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that the act or omission of a staff member resulted in "the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (citation and internal quote marks omitted). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). This standard is satisfied "when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.* (citation and internal quote marks omitted).

Gonzalez satisfies the objective prong because the Eighth Amendment entitles inmates to adequate drinking water. *Thomas v. Blackard*, 2 F.4th 716, 721 (7th Cir. 2021); *Hardeman v. Curran*, 933 F.3d 816, 823–24 (7th Cir. 2019). On the second prong, he claims the Defendants were personally aware of the problems with the water but did nothing to remedy them, causing him to suffer two stomach infections. He has alleged enough

2

to proceed on a claim for damages against the Defendants under the Eighth Amendment.[1]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Ron Neal, Deputy Warden Dawn Buss, and Director Pam Baines in their personal capacity for money damages for failing to provide him with adequate drinking water as required by the Eighth Amendment, causing him to suffer two stomach infections since December 2023;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Ron Neal, Deputy Warden Dawn Buss, and Director Pam Baines at Indiana State Prison and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

---

[1] He also invokes the Safe Drinking Water Act (SDWA), 42 U.S.C. § 300f *et seq.*, which was enacted to "establish uniform standards for public water systems and to reduce contamination in drinking water." *Alatorre v. Holcomb*, No. 1:23-CV-00282-JPH-KMB, 2023 WL 3173899, at *3 (S.D. Ind. May 1, 2023). However, the SDWA does not provide a private right of action for damages. *Id.* A private party may seek injunctive relief under the SDWA in certain circumstances, but there are multiple notice requirements that must be complied with before a suit can be brought. 42 U.S.C. § 300j–8(a)-(e). There is no indication Gonzalez followed the complex notice procedures contained in the Act to pursue a claim for injunctive relief.

(5) ORDERS Warden Ron Neal, Deputy Warden Dawn Buss, and Director Pam Baines to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 28, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT