UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ARMANDO GONZALEZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, et al.,<br><br>Defendants. | CAUSE NO. 3:25-CV-468-JD-AZ |

OPINION AND ORDER

Armando Gonzalez, Jr., a prisoner without a lawyer, is proceeding in this case "against Warden Ron Neal, Deputy Warden Dawn Buss, and Director Pam Baines in their personal capacity for money damages for failing to provide him with adequate drinking water as required by the Eighth Amendment, causing him to suffer two stomach infections since December 2023[.]" ECF 5 at 3. The defendants filed a motion for summary judgment, arguing Gonzalez did not exhaust his available administrative remedies before filing this lawsuit. ECF 16. Gonzalez filed a response, and the defendants filed a reply. ECF 24, 25. The defendants' motion for summary judgment is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The parties provide evidence showing the following facts: During all relevant times, an Offender Grievance Process was in place at Indiana State Prison which required Gonzalez to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 18-1 at 2; ECF 18-2 at 3. Regarding the first step,

once an inmate submits a grievance "[t]he Offender Grievance Specialist must either return an unacceptable form or provide a receipt for an accepted form within ten (10) business days of receipt." ECF 18-2 at 9. "If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days." *Id.*

Gonzalez provides evidence he submitted a grievance on January 13, 2025, complaining: "I've been told that the H. pylori bacteria has been found for the 2nd time in my body. It is a result of eating or drinking contaminated food and/or water. I've been sick with this bacteria for 14 months now." ECF 24-1 at 1. On February 17, 2025, Gonzalez submitted a new grievance stating "The water at ISP is contaminated with H. pylori" and that he had twice tested positive for the bacteria. *Id.* at 2. Gonzalez did not receive any receipt or response to either of these grievances from the grievance office. On April 24, 2025, Gonzalez submitted a written letter to the Grievance Specialist stating "I've submitted several grievances and have yet to receive any kind of acknowledgment or response." *Id.* at 4. The record contains no evidence Gonzalez ever received any response to this letter or to either of his grievances. Because the defendants do not dispute any of this evidence, the court accepts it as undisputed.

Here, Gonzalez has provided undisputed evidence showing he exhausted all remedies that were available to him before he filed this lawsuit. Specifically, he submitted a relevant grievance on January 13, 2025, and, when he did not receive any

response within ten business days, submitted a written letter to the Grievance Specialist on April 24, 2025, stating he had submitted grievances for which he had not received any receipt or response. ECF 24-1 at 1, 4. At that point, the Grievance Specialist had ten business days to "investigate the matter and respond to the offender's notification." ECF 18-2 at 9. There is no evidence the Grievance Specialist did so, which left Gonzalez without any further available remedy to exhaust. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (concluding an inmate has exhausted his administrative remedies "when prison officials fail to respond to inmate grievances because those remedies [have] become 'unavailable'"); *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) ("If administrative remedies are genuinely unavailable or nonexistent because, for example, prison employees failed to respond to properly filed grievances, we consider the prisoner to have satisfied the exhaustion requirement.").

In their reply, the defendants raise two arguments which must be addressed. First, they argue Gonzalez's January 13 grievance does not exhaust his claim in this lawsuit because the complaint in his grievance is not sufficiently related to his claim in this lawsuit. The purpose of a grievance is to alert prison officials to a problem so that action can be taken to remedy the problem. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). An inmate's grievance is therefore sufficient to exhaust a claim if it raises the same claim as the lawsuit and provides enough information to indicate that the defendant is the target. *King v. Dart*, 63 F.4th 602, 608 (7th Cir. 2023); *see also Jackson*, 105 F.4th at 960 ("[I]n line with the purpose of the PLRA—to give a prison an opportunity to correct a problem before litigation, prisoners must provide some identifying

information about the accused individuals") (citations omitted). An inmate cannot rely on a grievance to exhaust a claim if there is a "disconnect between the grievance and complaint." *Bowers v. Dart*, 1 F.4th 513, 517 (7th Cir. 2021).

Gonzalez was not required to specifically name each defendant in his grievance to exhaust his claim against that defendant. *See Jackson*, 105 F.4th at 959-60 (holding that "the district court erred by effectively requiring [the plaintiff] to specifically name every potential defendant in his grievances," as "our notice-based exhaustion standard has no such requirement."). Nevertheless, "prisoners must provide 'some identifying information about the accused individuals.'" *Id.* at 960. "In other words, a grievance must contain enough information about who caused the grieved of problem so that a prison can properly 'investigate and resolve grievances.'" *Id.* "Indeed, we have found exhaustion as to defendants not named in a grievance when, from the content of the grievance and the nature of the complained of conduct the prison was clearly on notice that those unnamed defendants were involved." *Id.* In *Jackson*, the Seventh Circuit concluded the plaintiff's grievances complaining "Lt. Esser" refused to turn on the water in his cell only exhausted his claim against Lt. Esser and did not exhaust his claim against the other defendants, as the grievance complained only about Lt. Esser's conduct and did not put the prison on notice that any defendant other than Lt. Esser was involved in the problem. *See id.* ("his grievances presented one clearly identified issue, which is that Lt. Esser refused to turn Jackson's water on after learning that Jackson did not have it.") (citation, quotation marks, and alterations omitted).

The defendants argue Gonzalez' January 13 grievance "failed to contain enough information to put ISP personnel on notice of his current claims against the Defendants and allow the prison personnel an opportunity to investigate such claims." ECF 25 at 3. In his January 13 grievance, Gonzalez complained that he had twice been sick with H. pylori bacteria as "a result of eating or drinking contaminated food and/or water." ECF 24-1 at 1. This is easily sufficient to put the prison on notice of Gonzalez's claim in this lawsuit that the defendants "fail[ed] to provide him with adequate drinking water as required by the Eighth Amendment, causing him to suffer two stomach infections since December 2023[.]" ECF 5 at 3. While Gonzalez did not specifically refer to any of the defendants in his January 13 grievance, his allegations in the grievance contained enough information for the prison to "investigate and resolve" the grievance, and the nature of the complained of conduct put the prison on notice that unnamed defendants were involved. *See Jackson*, 105 F.4th at 960. Unlike in *Jackson*, where the grievance complained of conduct by only one person and did not indicate that any other defendants were involved, Gonzalez's grievance put the prison on notice that his claim was against members of ISP staff who were responsible for providing clean drinking water. The defendants do not provide any evidence that any of the defendants named in this lawsuit do not fit this criteria.

Second, the defendants argue that Gonzalez's April 24 written letter to the Grievance Specialist did not qualify as a "written notice" within the meaning of the Offender Grievance Process, as the letter did not indicate the date or subject matter of his grievance. ECF 25 at 9. The Offender Grievance Process provides only that "If an

offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting [his grievance], the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice)[.]" ECF 18-2 at 9. Gonzalez' April 24 letter satisfied this requirement, as it notified the Grievance Specialist that he had submitted grievances for which he had received no receipt or response. There is no rule in the Offender Grievance Process that requires the inmate to include additional information about his grievance in his written notice. *See King*, 781 F.3d at 896 (inmates are only required to exhaust grievance procedures that "they have been told about"); *Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016) (the grievance office may not force an inmate to "comply with a rule that the prison had never published before"); *Strong v. David*, 297 F.3d 646, 649-50 (7th Cir. 2002) (when the grievance policy does not prescribe particular content or specificity, officials cannot defeat exhaustion by demanding additional information after the fact); *Miles v. Anton*, 42 F.4th 777, 781–82 (7th Cir. 2022) (if grievance policy language is vague or ambiguous, any ambiguity is resolved in favor of the prisoner, because the burden of proof rests with the defendants to show an administrative process was available). Therefore, the defendants have not shown that Gonzalez's April 24 letter failed to satisfy his requirement to submit a written notice to the Grievance Specialist.

Accordingly, the undisputed facts show Gonzalez exhausted all administrative remedies that were available to him by submitting a relevant grievance and then submitting a written notice to the Grievance Specialist. The Grievance Specialist made any further remedies unavailable by failing to issue a response to either Gonzalez's

January 13 grievance or his April 24 letter. The defendants have therefore not met their burden to show Gonzalez had available remedies which he did not exhaust before he filed this lawsuit. For these reasons, the defendants' motion for summary judgment (ECF 16) is DENIED.

SO ORDERED on August 25, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT